IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM RAY WHITE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HAROLD ROBERTSON, et al., )<br>)<br>Defendants. ) | NO. 1:18-cv-00093<br><br>JUDGE CAMPBELL |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees. (Doc. No. 172). Defendant filed a response in opposition (Doc. No. 176) to which Plaintiff replied (Doc. No. 177). For the reasons stated herein, the motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

Plaintiffs filed suit on December 26, 2018 alleging negligence (Count I), civil rights violations (Counts II and III), conspiracy (Count VIII), and various tort claims (Counts IV-VII, IX-X) against multiple defendants. (Doc. No. 1). During the pendency of the case, the claims against all defendants except Harold Robertson, Harold Robertson and Associates Bail Bonding, and David Butler (hereinafter collectively "Defendants") were either dismissed or settled. After a four-day trial, the jury returned a verdict in favor of Plaintiffs on the negligence claim and in favor of Defendants on the remaining claims.

Plaintiffs now move for attorneys' fees under 42 U.S.C. § 1988 on the grounds that they are the prevailing party and that fees are available because they succeeded on a pendant claim to their civil rights claims. Defendants argue that attorneys' fees are not available when, as here, a plaintiff does not succeed on the civil rights claims.

## II. LAW AND ANALYSIS

"The common law contains no right to attorney's fees for the winning party to a lawsuit." *Miller v. Caudill*, 936 F.3d 442, 447 (6th Cir. 2019) (citing *McQueary v. Conway*, 614 F.3d 591, 596 (6th Cir. 2010)). Rather, "each party pays [their] own fees unless a statute explicitly provides otherwise." *Id*. 42 U.S.C. § 1988 provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[]…1983…of this title…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs…" Plaintiff brought such an action and proceeded to trial. They failed, however, to prevail on those claims, instead receiving a favorable verdict only on their negligence claim, for which fees are not statutorily permitted. A plain reading of the statute dictates that attorney's fees are not available where, as here, Plaintiffs brought a claim to enforce a provision of Section 1983 but failed to achieve that enforcement.

Nevertheless, courts have permitted an award of attorney's fees under this statute where a plaintiff could still be found to be a prevailing party for purposes of Section 1988. However, "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). The Sixth Circuit has likewise explained "a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties…in a way that directly benefits the plaintiffs." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001) (quoting *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (internal quotations omitted)).

Such a material alteration is not present in this case. Plaintiffs' victory here is in an award of damages for the negligent conduct of Defendants. Accordingly, the Court does not find that Plaintiffs are prevailing parties for purposes of Section 1988. Additionally, because the Court is

not persuaded that Congressional intent for Section 1988 would be reflected by an award of attorney's fees under these circumstances, even if Plaintiffs were prevailing parties for purposes of that Section, the Court would decline to award attorney's fees here.

For the reasons stated herein, the Motion for Attorneys' Fees (Doc. No. 172) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE